UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>   v.<br><br>FRANKE CONSUMER PRODUCTS, INC.,<br><br>          Defendant. | Case No.: C 09-3555 PVT<br><br>**ORDER STRIKING UNTIMELY DEMAND FOR TRIAL BY JURY** |

On March 23, 2010, this court issued an Order to Show Cause Why Demand for Trial by Jury Should Not Be Stricken and the Case Set for Bench Trial. The parties have now filed their response to the order to show cause. Based on the parties' response and the file herein,

IT IS HEREBY ORDERED that Defendant's untimely Demand for Trial by Jury is STRICKEN.

Defendant removed this action to this court on August 4, 2009. Over 2 months later, on October 6, 2009, Defendant filed a Demand for Trial by Jury.

Rule 38 of the Federal Rules of Civil Procedure provides that a party may demand a jury trial by serving and filing a written demand "no later than 14 days after the last pleading directed to the issue is served." Where an action is removed from state court and all necessary pleadings have

ORDER, *page 1*

already been served at the time of removal, and no jury demand was made in the state court, then, pursuant to Rule 81(c)(3)(B):

> " a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
>
> "(i) it files a notice of removal; or
>
> "(ii) it is served with a notice of removal filed by another party."

Absent some showing beyond inadvertence, failure to timely file a demand for jury trial waives the parties' right to a jury.  *See* FED.R.CIV.PRO. 38 and 81(c)(3); *see also, e.g., Mastec North America, Inc. v. Comcast Cable Communications Management, LLC*, 2009 WL 1690519 (N.D.Cal. 2009) (striking jury demand where it was not made within the statutory time limit after removal from state court).  While district courts do have some discretion to grant an untimely jury demand, that discretion is narrow and does not permit a court to grant relief when the failure to make a timely jury demand resulted from mere oversight or inadvertence. *See Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002-03 (9th Cir.2001) ("An untimely request for a jury trial *must* be denied unless some cause beyond mere inadvertence is shown" (emphasis added)).

In the present case, the parties concede that there is "no explanation beyond mere inadvertence" for the delay in demanding a jury trial.  They argue that the court should nonetheless allow the matter to be tried before a jury because they always intended to preserve the right to a jury trial.  The parties fail, however, to cite any legal authority that would allow this court to defy binding Ninth Circuit case law precluding trial courts from granting such relief where the failure to timely demand a jury results from mere inadvertence.  *Ibid.*

Dated:  *April 14, 2010*

PATRICIA V. TRUMBULL
United States Magistrate Judge